IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DALLIN HAWKINS, TRUCK FINANCE SERVICES and INTEGRITY FINANCIAL GROUP,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MURRAY CITY POLICE DEPARTMENT and DETECTIVE N. SWENSON,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**[1]<br><br>Case No: 2:19-cv-00571<br><br>District Judge Howard C. Nielson<br><br>Magistrate Judge Dustin B. Pead |

On August 14, 2019, Plaintiff, inmate Dallin Hawking, filed this *pro se* civil rights action.[2] Plaintiff's Amended Complaint is now before the Court for screening.[3] On September 15, 2020, Judge Nielson granted Plaintiff Dallin Hawkins' Motion to file an Amended Complaint.[4] Mr. Hawkins' Amended Complaint was placed on the docket on March 11, 2022.[5]

---

[1] ECF No. 23. This case was referred to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B) by District Court Judge Howard C. Nielson on March 2, 2022.

[2] ECF No. 1; 42 U.S.C. § 1983.

[3] *See* 28 U.S.C. 1915A; ECF No. 25.

[4] ECF No. 21.

[5] ECF No. 20-1, Plaintiff attached his Amended Complaint to his Motion to Amend, as required under local rule DUCivR 15-1(a); ECF No. 20-1. On March 11, 2022, at the Court's request, the Clerk's Office placed Mr. Hawkins' Amended Complaint as a separate entry on the court docket; ECF No. 24, Docket Text Order; ECF No. 25, Amended Complaint.

On June 21, 2022, Plaintiff filed his currently pending Motion to Stay the action.[6]

Plaintiff's Amended Complaint adds two additional Plaintiffs: Truck Financial Services, LLC and Integrity Financial Groups, LLC.[7] Additionally, Plaintiff's Amended Complaint names two defendants: Officer N. Swenson and the Murray City Police Department.[8] Plaintiff contends Defendant violated his federal constitutional rights to "contract, privacy, due process & equal protection of the laws" by: (1) obtaining Plaintiff's bank statement without a warrant or probable cause; (2) charging Plaintiff with a crime without sufficient evidence or probable cause; (3) providing statements of fact that did not constitute sufficient evidence to sustain probable cause for his arrest; and (4) including fabricated evidence as part of the findings that led to Plaintiff's arrest. As a result of these violations, Mr. Hawkins requests injunctive relief (i.e. ordering an investigation into his wife for business interference and an investigation into Chris Patrick Jones[9] for falsifying a police report), punitive damages in the amount of $1.44 billion, as well as attorney fees and costs.

## STANDARD OF REVIEW

Notwithstanding the payment of any filing fee, this Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant.[10] "Dismissal

---

[6] ECF No. 33, Plaintiff's Motion to Stay Proceedings Pending Writ; ECF No. 35, Defendant's Memorandum Opposing Plaintiff's Motion To Stay Proceedings. Plaintiff has not filed a Reply Memorandum and the time within which to do so has expired. *See* DUCivR 7-1(a)(4)(D)(iii).

[7] *See infra* at 3-4.

[8] *See infra* at 4.

[9] From the body of the Amended Complaint, it is unclear who the individual "Chris Jones" is and if he or she is an employee of the Murray City Police Department; ECF No. 25 at 20.

[10] 28 U.S.C. § 1915(e)(2)(B).

of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[11] When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[12] However, a "broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[14]

"The elements of a section 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law."[15] "[S]ection 1983 creates a cause of action for violations of constitutional rights; it . . . does not itself grant any substantive rights."[16]

## SCREENING ANALYSIS & DISCUSSION

**A.     Procedural Issues**

Mr. Hawkins' Amended Complaint adds two new Plaintiffs: Truck Financial Services, LLC and Integrity Financial Groups, LLC. Plaintiff identifies himself as the "sole owner of both

---

[11] *Perkins v. Kan. Dep't. of Corrections,* 165 F.3d 803, 806 (10th Cir. 1999).

[12] *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

[13] *Id.*

[14] *Id.*

[15] *Garcia v. Wilson,* 731 F.2d 640, 651 (10th Cir. 1984).

[16] *Id.* (*citing Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617-18 (1979) ("One cannot go into court and claim a 'violation of § 1983'----for § 1983 by itself does not protect anyone against anything.")).

corporations[.]"[17] While corporations have rights under the Fourteenth Amendment and can bring § 1983 claims,[18] as a *pro se* litigant Mr. Hawkins may not represent Plaintiff corporations.[19] As a result, Truck Financial Services, LLC and Integrity Financial Groups, LLC may not be named Plaintiffs in this action unless they are represented by a licensed attorney.

In addition, Plaintiff's Amended Complaint names two Defendants: Officer N. Swenson and the Murray City Police Department. The amended pleading does appear to raise any specific allegations against the Police Department.[20] Even so, Plaintiff cannot assert a § 1983 claim against the Police Department because it is not a "person" subject to suit under § 1983.[21] Accordingly, throughout this recommendation the Court refers only to a single Plaintiff, Mr. Hawkins, and a single Defendant, Detective N. Swenson.

---

[17] ECF No. 25 at 2.

[18] *See SOC, Inc. v. Las Vegas Metro. Police Dep't.*, 319 Fed. Appx. 488, at *489-90 (9th Cir. 2009).

[19] *See* DUCivR 83-1.3(c) ("No corporation, association, partnership or other artificial entity may appear pro se and must be represented by an attorney who is admitted to practice in this court.").

[20] ECF No. 25 at 2 (indicating Murray City Police Department "is the governing police department of the city to where both corporations operate.").

[21] *Smith v. Alamogordo Police Department,* 2022 U.S. Dist. LEXIS 77207, at *8 (Dist. N.M. April 28, 2022) (*citing Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) (stating that § 1983 claims against a police department were properly dismissed with prejudice because the police department was not aa 'separate suable entity'), *modified on other grounds,* 778 F.2d 553 (10th Cir. 1985), *vacated on other ground sub nom. Tyus v. Martinez,* 475 U.S. 1138, 106 S. Ct. 1787, 90 L. Ed. 2d 333 (1986))); *see Turlington v. Connor,* 2021 U.S. Dist. 243002, at *23 (N.D. Okla., Dec. 21, 2021) (*citing Hinton v. Dennis,* 362 Fed. App'x 904, 907 (10th Cir. 2010) ("governmental sub-units [such as the sheriff's office, police department, or fire department,] are not separate suable entities" for purposes of § 1983)); *see also* § 1983 (providing for suit against a "person").

Finally, Mr. Hawkins Amended Complaint contains a section entitled "Joinder" in which it appears that Plaintiff may be attempting to join this case with a separate action.[22] A party may not, however, move to join an action as part of an amended pleading and any motion Plaintiff intends to bring must be separate and apart from his complaint.[23]

B.  *Heck v. Humphrey*

Plaintiff moves to stay his civil rights action under *Heck v. Humphrey*.[24] In *Heck*, the Supreme Court established that "a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."[25] *Heck* prohibits litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."[26] As stated in *Heck*, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[27] This rule "applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief."[28]

---

[22] *See Hawkins v Oldham.* 2:19-cv-00442-JNP-CMR.

[23] *See* DUCivR 7-1(a)(4)("[a]ny motion must be separately filed.").

[24] *Heck v. Humphrey,* 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

[25] *Nichols v. Baer,* 315 Fed. Appx. 738, 739 (10th Cir. Mar. 5, 2009) (unpublished) (*citing Heck,* 512 U.S. at 486-87).

[26] *Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted).

[27] 512 U.S. at 486.

[28] *Coleman v. United States Dist. Court of New Mexico,* 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished).

Here, Plaintiff admits that § 1983 is "unavailable" to him because he cannot demonstrate that his underlying conviction has been reversed.[29] Instead, Plaintiff requests a stay of his civil rights action pending the resolution of his habeas petition currently before District Court Judge David Nuffer.[30]

Given this court's review of the allegations, it appears that judgment in Plaintiff's favor would unavoidably imply that Mr. Hawkins underlying conviction or sentence is invalid. As a result, Plaintiff's § 1983 case "must be dismissed" until Plaintiff's conviction or sentence is invalidated through a more appropriate procedural vehicle.[31] Although Plaintiff requests a stay,[32] given that the timeframe and outcome of the underlying habeas case are unknown, and, as discussed below, because Plaintiff's Amended Complaint fails to state a claim on which relief may be granted, the appropriate procedure is to dismiss Plaintiff's action without prejudice and deny the motion for stay.[33]

---

[29] ECF No. 33.

[30] *See* 28 U.S.C. § 2254 (2021); *Hawkins v. Third District Court et. al.,* 4:20-cv-90-DN.

[31] *Heck*, 512 U.S. at 487 (if judgment in favor of plaintiff would imply invalidity of his conviction, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

[32] *See Kombach v. United States Election Assistance Comm'n,* 2014 U.S. Dist. LEXIS 62957 at *5-6 (D. Kan. May 7, 2014) (citation omitted) (the party requesting a stay bears the burden of establishing that the circumstances justify a stay.)

[33] *See Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

## C.     Failure to State A Claim ---Alternative Basis for Dismissal

In order to state a cognizable claim under § 1983, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[34] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[35] Plaintiff may not name an entity or individual as a defendant based solely on supervisory position.[36]

Under this standard, Mr. Hawkins Amended Complaint fails in several regards and presents an alternative ground for dismissal of Plaintiff's action. As an initial matter, Plaintiff fails to identify what Defendant did to Plaintiff, on what date and to explain how Defendant's conduct harmed Plaintiff. In order for a claim to be plausible, a plaintiff must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" is not sufficient.[37] "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice"[38] and, a court is not "bound to accept as true a legal conclusion couched as a factual allegation."[39] Here, Mr. Hawkins makes general assertions of "wanton misconduct" "stolen bank statements" and the "introduction of fabricated evidence" without providing any details of the events involving these claims or Defendant's personal

---

[34] *Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each named defendant's personal participation is essential allegation in civil-rights action).

[35] *Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1252,1250 (10th Cir. 2008). X

[36] *See Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone insufficient to support § 1983 liability).

[37] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 929 (2007).

[38] *Ashcroft v Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[39] *Gray v. Blackhawk Acquisition, LLC,* 2022 U.S. Dist. LEXIS 154412, at *4 (Colo. Dist. Ct. August 26, 2022) (*citing Twombly,* 550 U.S. at 555).

involvement in the alleged constitutional violations.[40] Absent additional clear and concise information, Defendant lacks the ability to prepare a defense and the court is without the information necessary to adjudicate the merits of this action. Further, while Plaintiff generally references constitutional amendments, he appears to assert claims based on alleged violations of federal criminal statutes,[41] but "criminal statutes do not provide for private civil causes of action[.]"[42]

## RECOMMENDATION

For the reasons stated, **IT IS THEREFORE RECOMMENDED** that:

1. Plaintiff's Motion to Stay be DENIED;[43] and

2. Plaintiff's Amended Complaint be DISMISSED WITHOUT PREJUDICE under *Heck*.[44] Consistent therewith, Plaintiff should not pursue any aspect of his claims barred by *Heck* until his conviction or sentence is invalidated through a more appropriate procedural vehicle; and in the alternative,

---

[40] ECF No. 25 at 7, 9, 20.

[41] ECF No. 25 at 6 ("Pursuant to URCrimP 40, the statement of facts provided by Affidavit of Hawkins' client did not constitute as [sic] sufficient evidence to sustain probable cause to obtain a warrant for Hawkins' corporate bank statements."); *Id.* at 7 ("for the detective to obtain Hawkins' corporate banks statements without a warrant, or without probable cause, violates URCrimP 40"); *Id.*(:for the detective to charge Hawkins with a crime without sufficient evidence or probable cause violates URCrimP 4(b). . . . ); *Id.* at 8 ("Pursuant to URCrimP 4(b), the statements of facts provided by the detective did not constitute as sufficient evidence to sustain probable cause for arrest");

[42] *Kelly v. Rockefeller,* 69 Fed. Appx. 414, 415-16 (10th Cir. 2003).

[43] ECF No. 33.

[44] *See Fottler,* 73 F.3d at 1065.

    3. Plaintiff's Amended Complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim.[45]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b). The parties must file an objection to this Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

    **IT IS SO ORDERED.**

    DATED this 29 August 2022.

_____
Dustin B. Pead
United States Magistrate Judge

---

[45] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).